**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1)   NATHAN LE | |
| | |
| Plaintiff, | |
| | |
| v. | Case No. _17-CV-465-RAW_ |
| | |
| (2)   ALLSTATE INDEMNITY COMPANY | |
| and | Removed From |
| (3)   STEPHEN SNYDER AND ASSOCIATES | District Court of Wagoner County |
| AGENCY, LLC, | Case No. CJ-2017-0329 |
| | |
| Defendants. | |

**NOTICE OF REMOVAL**

Defendants, Allstate Indemnity Company ("Defendant") and Stephen Snyder and

Associates Agency, LLC ("Agency"), respectfully submit this Notice of Removal of the

above-styled action to the United States District Court for the Eastern District of

Oklahoma, under diversity jurisdiction.  The Petition was originally filed in the District

Court of Wagoner County, Oklahoma, on October 27, 2017, and docketed as case

number CJ-2017-0329.

Copies of all pleadings and process filed in this action to-date are attached as

Exhibits 1-6.  A copy of the Docket Sheet from the State court action is also attached as

Exhibit 7.

Initially, the Petition on its face was not removable because Plaintiff failed to

allege either actual or punitive damages as required by 12 O.S. § 2008(A)(2) and 12 O.S.

§ 2009(G).  (Ex. 1).  On December 4, 2017, Plaintiff filed an Amended Petition which

alleged for the first time that the amount of damages sought was in excess of $75,000.00. (Ex. 6, p. 7).  Thus, Defendant's removal is timely.

## I.   DIVERSITY OF CITIZENSHIP

Plaintiff is a citizen of the State of Oklahoma.  (*See*, Ex. 6, ¶ 1).  Defendant is an Illinois corporation with its principal place of business in Illinois.  (*Id*. ¶ 2).    Co-defendant Agency is a citizen of the State of Oklahoma.  (*Id*. ¶ 3).  However, the Agency's current presence in this suit does not defeat Defendant's federally granted right of removal.  The Agency should be dismissed because the claims asserted by Plaintiff against it are not recognized under Oklahoma law.

To defeat diversity jurisdiction, Plaintiff has joined the Agency whose involvement was the sale of the policy in question.  The Amended Petition asserts two claims against the Agency:  breach of contract and negligent procurement of insurance.  Both claims are based on the **same allegation involving the sale of the policy**—that the "[Agency] had a duty to procure property insurance for the Property that would provide adequate insurance coverage for the roof" but did not do so.  (Ex. 6, p. 7, ¶ 57 (breach of contract); p. 8, ¶ 65 (negligent procurement) (emphasis added);  *see also, id*. p. 7, ¶ 60; p. 8 ¶ 68).

However, Plaintiff's claims against the Agency, which are grounded upon an alleged "duty" to obtain "adequate coverage," are not recognized under Oklahoma law.  *See*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Thus, the Agency should be dismissed as a matter of law.  *See*, *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

A.      **Plaintiff Fraudulently Joined The Agency In This Action Because The Amended Petition Fails To State Viable Claims Against It Under Oklahoma Law.**

Plaintiff has improperly joined the local selling agent in an attempt to defeat the diverse Defendant's federally granted right of removal.  As the United States Supreme Court instructed long ago,

> **the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court.**

*Wecker v. Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907) (emphasis added).

"The joinder of a resident defendant against whom no cause of action is stated is patent sham…the joinder is similarly fraudulent if in fact no cause of action exists…." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

A fraudulent joinder analysis is a jurisdictional inquiry. *Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1247 (10th Cir. 2004).  When allegations of fraudulent joinder are made, the Court may "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd,* 329 F.2d at 85 (citations omitted).  Here, Plaintiff's breach of contract and negligence claims—both based on the alleged failure to procure "adequate property insurance coverage"—are not viable claims against the Agency under Oklahoma law.  Thus, the Agency should be dismissed from this action and removal to federal court is proper under the diversity statute.

### 1.    Oklahoma Does Not Recognize A Claim For Breach-Of-Contract-To-Procure-"*Adequate*"-Insurance.

Under Oklahoma law, a selling agent can breach a contract to procure insurance in only two ways—the agent (1) did not obtain any insurance as promised, or (2) did not obtain the type or amount of insurance as promised.  In *Swickey v. Silvey Companies*, 979 P.2d 266 (Okla. Civ. App. 1999), the Court of Civil Appeals addressed this exact issue and held as follows:

> In order to prevail on a claim for breach of contract to procure insurance, a plaintiff must show that the insurance agent agreed to procure insurance coverage effective as of a certain date and time, or of a certain breadth, and then failed to do so.

(*Id*. p. 268).

Here, Plaintiff's contract claim is based entirely on a generic allegation that the Agency "breached the contract by failing to provide Plaintiff with adequate insurance coverage."  (Ex. 6, p. 7, ¶ 60).  Plaintiff does not allege that the Agency failed to procure property insurance or that it obtained a different type or amount of coverage than requested.   In fact, the Amended Petition alleges the exact opposite—that Plaintiff requested and received a "Landlord's Package Policy" which was in effect at the time of the alleged July 2016 loss.  (*Id*. ¶¶ 10, 12, 16).

The allegations also show that the true dispute is between Allstate and Plaintiff and centers around whether more shingles had wind damage than were included in the Allstate estimates.  (*Id*. ¶¶ 17-30, 36-39).  There are no allegations that the Agency did not obtain insurance at all, or obtained the wrong type or amount of coverage.  Plaintiff's

contract claim fails as a matter of law because Oklahoma does not recognize a claim for

"breach-of-contract-to-procure-*adequate*-insurance-coverage".

### 2.      Oklahoma Law Does Not Recognize A "Duty" By The Selling Agent To Procure "*Adequate*" Insurance For The Insured.

Plaintiff's negligent procurement tort claim fails as a matter of law because the

Agency had no legal duty to procure "adequate" insurance.  (*See*, Ex. 6, p. 8, ¶ 68).  In

*Country Gold, Inc. v. State Auto Prop. and Cas. Ins. Co*., 2015 WL 431638 (W.D. Okla.

Feb. 2, 2015), the plaintiff, like Plaintiff here, sued the agent in tort because he allegedly

did not obtain "appropriate and adequate coverage."   Relying on *Swickey, supra*, the

Western District of Oklahoma dismissed the claim, holding that such allegations provide

no legal basis for a negligent procurement claim against the selling agent:

> The Oklahoma Court of Civil Appeals has expressly declined to extend *Swickey* to impose a duty to procure a policy that "provide[s] an 'adequate amount' of coverage"….**Therefore, there is <u>no legal basis</u> for Plaintiff's negligence claim based on an alleged failure of Defendant's agent to…procure a policy that provided an adequate amount of replacement cost coverage**.

(*Id*. *3) (emphasis added).  *See also, Smith v. Allstate Vehicle and Prop. Ins. Co*., 2014

WL 1382488 (W.D. Okla. Apr. 8, 2014) (finding fraudulent joinder and dismissing

negligent procurement claim against selling agent because no duty to procure adequate

coverage); *Siddique v. Western Heritage Ins. Co*., 2015 WL 2451734 (E.D. Okla. May

21, 2015) (dismissing negligent procurement claim based on alleged failure to obtain

adequate coverage and collecting cases doing same).  Further, as shown above, Plaintiff

admits that he received the Landlord Package Policy and that it was in effect at the time

of the loss.  (Ex. 6, ¶¶ 10, 12, 16).  Thus, Plaintiff's negligent procurement claim fails as a matter of law.

## II.     REQUISITE AMOUNT IN CONTROVERSY.

Jurisdiction is also proper under the diversity statute because more than the requisite amount in controversy, exclusive of interests and costs, is in dispute.  The amount in controversy is ordinarily determined by the allegations in either the complaint or notice of removal.  *Lonnquist v. J.C. Penny Co.*, 421 F.2d 597, 599 (10th Cir. 1970).  Here, the jurisdictional amount is clearly met as the Amended Petition states that Plaintiff is seeking actual and punitive damages against Allstate in excess of $85,000.00 for tortious "bad faith" and breach of contract.  (Ex. 6, p. 7).  In addition, Plaintiff also seeks attorney fees.  (*Id.*, p. 6).  Thus, the statute's jurisdictional amount is clearly met.

## CONCLUSION

Plaintiff has fraudulently joined the Agency in this matter.  Oklahoma law does not recognize claims against a selling agent for allegedly not obtaining "adequate coverage."  Therefore, Defendant requests that the United States District Court for the Eastern District of Oklahoma dismiss all claims against the Agency pursuant to Fed.R.Civ.P. 21, assume original jurisdiction of this action under the diversity statute, and proceed with it to completion.

Respectfully submitted,

s/ RONALD L. WALKER
RONALD L. WALKER, OBA #9295
JERRY D. NOBLIN, JR. OBA #20296
TOMLINSON · MCKINSTRY P.C.
Two Leadership Square, Suite 450
211 North Robinson Ave.
Oklahoma City, Oklahoma 73102
Telephone:  405/606.3370
Facsimile:  877/917.1559
ronw@tmoklaw.com
jerryn@tmoklaw.com

*Attorneys for Defendants Allstate Indemnity Company and Stephen Snyder and Associates Agency, LLC.*

## CERTIFICATE OF SERVICE

☑       I hereby certify that on the 15th day of December 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ryan J. Fulda, OBA # 21184
7134 South Yale, Ste. 300
Tulsa, OK 74136
Telephone:  (918) 550-8120
Facsimile:  (918) 550-8106
ryan.fulda@schafferherring.com
*Attorney for Plaintiff*

s/ RONALD L. WALKER

7