IN THE DISTRICT COURT OF WAGONER COUNTY
STATE OF OKLAHOMA

| | |
|---|---|
| NATHAN LE, | JURY TRIAL DEMANDED |
| Plaintiff, | CJ-2017- 329 |
| v. | WAGONER COUNTY, OKLAHOMA |
| ALLSTATE INDEMNITY COMPANY, an Illinois Corporation, and STEPHEN SNYDER AND ASSOCIATES AGENCY LLC | FILED IN DISTRICT COURT |
| | OCT 27 2017 |
| | JAMES E. HIGHT COURT CLERK |
| Defendants. | |

## PETITION

COMES NOW the Plaintiff, Nathan Le, by and through his counsel of record Ryan J. Fulda of Schaffer Herring PLLC, and for his cause of action against the Defendants Allstate Indemnity Company and Stephen Snyder and Associates Agency, LLC, states as follows:

1. Plaintiff Nathan Le is a resident of Tulsa County, State of Oklahoma.

2. Defendant Allstate Indemnity Company is an Illinois Corporation registered to do business in the state of Oklahoma.

3. Defendant Stephen Snyder and Associates Agency, LLC is an Oklahoma limited liability Company.

4. This is an action for breach of contract and bad faith handling of an insurance claim. Venue is proper in Wagoner County under Okla. Stat. tit. 12 § 137 because the cause of action accrued in Wagoner County.

### Factual Background

5. Plaintiff is the owner of a residential property located at 21170 E 39th Pl S, Broken Arrow, OK 74014 (the "Property").



6. Plaintiff purchased the Property in 2004. At that time, the Property was newly constructed by Grimshaw Homes, and Plaintiff was the first resident of the Property.

7. At the time Plaintiff purchased the Property, Grimshaw Homes issued a 10-year new home warranty for the Property.

8. Prior to Plaintiff's purchase, the Property passed inspections by Grimshaw Homes, Wagoner County, and mortgagor Bank of Oklahoma.

9. In 2004, Plaintiff purchased a homeowner's insurance policy from Farmers Insurance which insured the Property through 2006.

10. In 2006, Plaintiff purchased an insurance policy through Allstate, and AllState then insured the Property through the time that Plaintiff made the insurance claim giving rise to this lawsuit.

11. Prior to Allstate insuring the Property, Allstate performed an inspection of the Property. No mention of a faulty roof was made at that time.

12. In 2015, Plaintiff converted the insurance policy with Allstate from a homeowner's policy to a Landlords Package Policy.

13. At that time, Allstate inspected the Property and identified two necessary repairs to the roof as a condition of issuance of the new policy.

14. On September 23, 2015, a representative of Defendant Stephen Snyder and Associates Agency, LLC ("Snyder & Associates") emailed Plaintiff and identified two repairs to the roof that were necessary prior to Allstate issuing the Landlords Package Policy.

15. Plaintiff performed the repairs to the roof of the Property.

16. Allstate, through its agent Snyder & Associates, issued the Landlords Package Policy, effective September 9, 2015, Policy No. 810 119 300 (the "Policy").

17. On July 14, 2016, the roof of the Property sustained wind and hail damage during the course of a thunderstorm (the "Loss").

18. After the Loss, Plaintiff provided Allstate with notice of the Loss and made a claim for benefits under the Policy.

19. Allstate assigned claim No. 0421561275 to the claim (the "Claim").

20. Allstate assigned adjuster Mark Chrisinske to handle the claim.

21. On August 1, 2016, Allstate adjuster Natalie Charles-Kirkland ("Adjuster Kirkland") visited the Property along with a representative of Dillard Claims Consultants.

22. Josh Walker with Lewis Roofing and Construction also visited the Property.

23. During the August 1, 2016 inspection, the parties observed evidence of a severe windstorm that had affected the property. For example, approximately 16 linear feet of a shared fence line was damaged from the Storm.

24. The Parties continued the inspection the following day, August 2, 2016.

25. During the course of the inspection of August 1st and 2nd, the Parties observed damaged shingles.

26. Josh Walker with Lewis Roofing inspected the roof and concluded that the roof was damaged by the windstorm, and that the roof was a total loss.

27. Allstate disagreed with Lewis Roofing's determination that the roof was damaged by the windstorm and that the roof was a total loss. Adjuster Kirkland's supervisor acknowledged the damaged shingles, but blamed the damaged shingles on the improper and/or defective installation of the roof shingles.

28. On September 15, 2016, Allstate Adjuster Jamison Hensell (Adjuster Hensell) advised Plaintiff via email that the majority of Plaintiff's concerns relating to the roof were caused by improper installation of the roof shingles, not damage caused by the windstorm. According to Adjuster Hensell, "the adjuster's inspection revealed improper installation of the shingles, including high nailing of anchors, anchors in the glue line, anchors overdriven, and anchors at an angle."

29. On September 15, 2016 Adjuster Hensell memorialized Allstate's coverage decision in a letter to Plaintiff, in which he cited to Paragraph 21 of the portion of Section I of the Policy titled "Losses We Do Not Cover Under Coverages A and B", which states Allstate does not cover loss to property caused by faulty, inadequate, or defective planning, construction, or maintenance (hereinafter the "Defective Construction Exclusion").

30. Relying upon the Defective Construction Exclusion to exclude most of the roof damage from coverage, Adjuster Hensell essentially denied the claim by stating that the $2,500.00 deductible exceeded what was left of the damage.

31. Plaintiff has made demand for benefits owed under the Policy, and Allstate has refused to pay such benefits based upon the Defective Construction Exclusion.

32. Plaintiff retained counsel, who advised Allstate that Plaintiff disagreed with Allstate's coverage decision.

33. Allstate hired US Forensic Engineers to inspect the roof of the Property and prepare a Building Damage Evaluation.

34. US Forensic Engineers inspected the roof of the Property and prepared a Building Damage Evaluation report dated March 27, 2017.

35. Allstate waited three months, and did not provide the report from US Forensic Engineers until June 28, 2017.

36. The report from US Forensic Engineers stated:

> Available weather information indicated that the maximum wind speeds recorded in the Broken Arrow area on July 14, 2016 were approximately 59 mph. The missing, flipped, torn, and creased tabs on the roof of the building were consistent with damage caused by wind pressures but while the indicated direction of the maximum winds on July 14, 2016 was generally consistent with the location of most the damaged shingle tabs, winds of such magnitude would not typically be expected to cause damage to a properly installed and maintained roof system.

37. Allstate unreasonably relied upon the report from US Forensic Engineers in support of its asserting of the Defective Construction Exclusion.

38. Allstate's reliance upon the report from US Forensic Engineers was unreasonable and in bad faith because Allstate's own inspection of the Property prior to issuance of the Policy did not identify any construction defects in the roof.

39. Allstate's reliance upon the Construction Defect Exclusion is a false pretense for refusing to pay Plaintiff benefits to which Plaintiff is owed under the Policy.

40. Plaintiff has complied with all conditions of the Policy.

### FIRST CLAIM FOR RELIEF: BREACH OF CONTRACT
### AS TO DEFENDANT ALLSTATE

41. Plaintiff recites the above paragraphs and incorporates them by reference.

42. Plaintiff contracted with Defendant Allstate for property insurance coverage, and such coverage was memorialized by the Policy.

43. Plaintiff submitted an insurance claim to Defendant Allstate for damage to the roof of the property that occurred on or about July 14, 2016.

44. Defendant Allstate is in breach of the Policy for failure to make payments.

45. Plaintiff has been damaged because of Defendant Allstate's breach of the Policy.

46. Plaintiff is entitled to actual damages in the amount of policy benefits due under the Policy, plus attorney fees pursuant to OKLA. STAT. TIT. 36 § 3629, plus statutory interest.

**WHEREFORE** Plaintiff prays for judgement against Defendant Allstate Indemnity Company on his claim for breach of contract, and requests actual damages, attorney fees, and interest.

### SECOND CLAIM FOR RELIEF: BAD FAITH HANDLING OF AN INSURANCE CLAIM AS TO DEFENDANT ALLSTATE

47. Plaintiff recites the above paragraphs and incorporates them by reference.

48. Plaintiff contracted with Defendant Allstate for property insurance coverage, and such coverage was memorialized by the Policy.

49. As Plaintiff's insurer, Defendant Allstate owed Plaintiff a duty of good faith and fair dealing.

50. After Plaintiff reported damage to the Property's roof caused by a windstorm, Defendant Allstate unreasonably refused to pay benefits owed under the Policy.

51. The Defective Construction Exclusion does not apply to the damage to Plaintiff's roof because the damage was caused by a windstorm, not by a cause excluded under Paragraph 21.

52. Further, Allstate's reliance upon the Defective Construction Exclusion was unreasonable because its own agent had previously inspected the roof less than one year before, and concluded that the roof was insurable.

53. Plaintiff has been damaged as a result of Defendant Allstate's unreasonable and bad faith handling of the Claim.

WHEREFORE Plaintiff prays for judgement against Defendant Allstate Indemnity Company on his claim for bad faith handling of an insurance claim, and requests actual damages, punitive damages, and interest.

### THIRD CLAIM FOR RELIEF: BREACH OF CONTRACT AS TO DEFENDANT SNYDER AND ASSOCIATES

54. Plaintiff recites the above paragraphs and incorporates them by reference.

55. Defendant Snyder and Associates sold Plaintiff insurance coverage which Defendant Snyder and Associates represented provided property insurance coverage for the Property.

56. Defendant Snyder and Associates inspected the roof of the Property, and identified necessary repairs as a condition to Allstate insuring the Property. Plaintiff made such repairs.

57. Defendant Snyder and Associates breached the contract by failing to provide Plaintiff with adequate insurance coverage for the Policy.

58. Plaintiff has been damaged as a result of Defendant Snyder & Associates breach of contract.

WHEREFORE Plaintiff prays for judgement against Defendant Stephen Snyder and Associates, LLC on his claim for breach of contract, and requests actual damages, attorney fees, and interest.

### FOURTH CLAIM FOR RELIEF: NEGLIGENCE AS TO DEFENDANT SNYDER AND ASSOCIATES

59. Plaintiff recites the above paragraphs and incorporates them by reference.

60. Defendant Snyder and Associates sold Plaintiff insurance coverage which Defendant Snyder and Associates represented provided property insurance coverage for the Property.

61. Defendant Snyder and Associates inspected the roof of the Property, and identified necessary repairs as a condition to Allstate insuring the Property. Plaintiff made such repairs.

62. Considering the inspection of the Property performed by Defendant Snyder and Associates, Defendant Snyder and Associates had a duty to procure property insurance for the Property that would provide adequate insurance coverage for the roof.

63. Defendant Snyder and Associates breached the duty by failing to procure adequate property insurance coverage for the Property roof.

64. Plaintiff has been damaged by Defendant Snyder and Associates' negligence.

**WHEREFORE** Plaintiff prays for judgement against Defendant Stephen Snyder and Associates, LLC on his claim for negligence, and requests actual damages, attorney fees, and interest.

Respectfully submitted,

SCHAFFER HERRING PLLC

Ryan J. Fulda, OBA #21184
7134 South Yale, Ste. 300
Tulsa, Oklahoma 74136
Telephone: (918) 550-8120
Facsimile: (918) 550-8106
ryan.fulda@schafferherring.com
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

This is to certify that on October 25, 2017 the undersigned caused a true and correct copy of the above and foregoing to be served by first-class mail, postage pre-paid to the following counsel of record:

Ryan J. Fulda